*826 OPINION.
Marquette:
The only question presented by the record in this proceeding is whether the amount of $97,488.17, representing the value of certain securities acquired by Emma E. Goodman under the circumstances set forth in the findings of fact and owned by her at the time of her death, should be deducted in determining her net estate subject to the Federal estate tax under section 403 (a) (2) of the Revenue Act of 1921, which provides:
Sec. 403. That for the purpose of the tax the value of the net estate shall be determined—
(a) In the case of a resident, by deducting from the value of the gross estate—
*******
(2) An amount equal to the value of any property forming a part of the gross estate situated in the United States of any person who died within five *827 years prior to tlie death of the decedent where such property can be identified as haying been received by the decedent from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received: Provided, That this deduction shall be allowed only where an estate tax under this or any prior Act of Congress was paid by or on behalf of the estate of such prior decedent, and only in the amount oi the value placed by the Commissioner on such property in determining the value of the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent’s gross estate and not deducted under paragraphs (1) or (3) of subdivision (a) of this section. This deduction shall be made in case of the estates of all decedents who have died since September 8, 1916.
We do not think that an extended discussion of either the facts or of the law applicable thereto is necessary. The facts are strikingly similar to, and the issue identical with the facts and issue, respectively, in Elmer E. Rodenbough, 1 B. T. A. 477, and our decision therein is decisive of, and controlling in this case. See also, Elmer E. Rodenbough, Executor, v. United States, 25 Fed. (2d) 13. Upon the authority of those cases we resolve the issue here in favor of the petitioner, and hold that in computing the estate of the decedent subject to the Federal estate tax, the item in controversy should not be included therein.

Judgment will be entered under Bule 50.